UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| My Pillow, Inc., DBA MyPillow,<br><br>    Plaintiff,<br><br>    v.<br><br>US DOMINION, INC., DOMINION VOTING SYSTEMS, INC., and DOMINION VOTING SYSTEMS CORPORATION,<br><br>    Defendants. | Case No. 21-cv-01015-PJS-DTS |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO STAY OR, IN THE ALTERNATIVE, TO EXTEND THE RESPONSE DEADLINE[1]**

Defendants, US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation ("Dominion") respectfully submit this memorandum in support of their Motion to Stay or, in the Alternative, to Extend the Response Deadline.

On February 22, 2021, Dominion filed a defamation action against My Pillow, Inc. and Michael J. Lindell in the United States District Court for the District of Columbia (the "D.C. Action"). My Pillow and Lindell each moved to dismiss or, in the alternative, transfer

---

[1] By seeking to stay the case or extend deadlines pending motions being determined in the D.C. Action, Dominion does not waive and expressly preserves its defenses under Federal Rule of Civil Procedure 12(b), including the lack of personal jurisdiction and improper venue. *See, e.g., Murphy v. Labor Source, LLC*, Case No. 19-cv-1929, 2020 WL 3633234, at *11 (D. Minn. Mar. 12, 2020); *see also Gerber v. Riordan*, 649 F.3d 514, 519 (6th Cir. 2011); *Lane v. XYZ Venture Partners, L.L.C.*, 332 F. App'x 675, 678 (11th Cir. 2009); *PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 461 (5th Cir. 2001); *Ciolli v. Iravani*, 625 F. Supp. 2d 276, 291 (E.D. Pa. 2009).

1

the D.C. Action to this Court. *See U.S. Dominion, Inc. et al v. My Pillow, Inc.*, No. 1:21-cv-445 (D.D.C. Feb. 22, 2021) (Dkts. 30, 34). Dominion opposed the motions and briefing on those motions will be complete on June 18.

In the meantime, on April 19, 2021, My Pillow filed this action against Dominion alleging that, by filing the D.C. Action, Dominion violated My Pillow's constitutional rights and committed an abuse of process. There is no question that the parties and issues in this suit overlap with those in the earlier filed D.C. Action. It best serves the interest of judicial economy to avoid duplicative litigation and wait until the D.C. court decides the pending motions filed in that action before proceeding in parallel here.

Moreover, just yesterday Lindell filed a new action in this Court against Dominion, which once again involves parties and issues overlapping with those currently pending in the D.C. Action. (*See* Case No. 21-cv-1332.) Granting Dominion's motion for a stay will permit the Court to consider whether to consolidate these related cases.

As further explained herein, Dominion therefore asks the Court to enter a stay of this case until a ruling is issued in the D.C. Action on My Pillow's and Lindell's motions to dismiss or transfer, with the parties being required to provide the Court with a status report on the D.C. Action every 120 days. Dominion also requests that the Court set the deadline for Dominion's response to My Pillow's complaint to 30 days after the stay is lifted. In the alternative, Dominion asks the Court to at least extend the deadline to answer or otherwise respond to My Pillow's complaint to 30 days after the Court issues its order on the present motion.

## BACKGROUND

On February 22, 2021, Dominion filed the D.C. Action alleging that My Pillow and its CEO Mike Lindell made false and defamatory statements about Dominion in connection with the 2020 election. *See generally U.S. Dominion, Inc. et al v. My Pillow, Inc.*, No. 1:21-cv-445 (D.D.C. Feb. 22, 2021) (Dkt. 1). My Pillow and Lindell each filed motions to dismiss or transfer the D.C. Action to this Court; those motions will be fully briefed by June 18. (*See id.*, Dkts. 30, 34, 47.)

Rather than waiting for the D.C. Court to decide its pending motions and, if denied, file counterclaims in that already existing action, on April 19, 2021, My Pillow filed this new action against Dominion in this Court. My Pillow alleges in this lawsuit that, by filing the D.C. Action, Dominion violated My Pillow's constitutional rights and committed an abuse of process.

Dominion obtained an initial extension of time until June 21, 2021, to respond to My Pillow's complaint. (*See* Dkt. 11.) With the responsive pleading deadline approaching, on June 3, 2021, Dominion's counsel asked My Pillow's counsel if My Pillow would consent to either a stay of the deadline to respond pending resolution of the motions to dismiss in the D.C. Action or, at the very least, a further extension of the responsive pleading deadline. My Pillow's counsel stated that My Pillow would not agree to stay or extend the deadline for Dominion's response.

Instead, that very same day (yesterday), Lindell, filed a new lawsuit against Dominion (and other defendants) in this Court and specifically related the newly filed case

to this one. (No. 21-cv-1332, which Dominion refers to as the "Second Minnesota Action.") Like this suit, the Second Minnesota Action is also premised on allegations that the D.C. Action violates Lindell's constitutional rights. As of this filing, Lindell has not effectuated service of the Second Minnesota Action, nor has he asked Dominion's counsel to waive service.

## LEGAL STANDARD

As the Court knows, "'the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir.2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). A district court has broad discretion to stay proceedings when doing so is appropriate to control its docket. *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). Factors relevant to the district court's consideration of whether to stay proceedings include maintaining control of its docket, conserving judicial resources, and the important interest of providing for the just determination of cases pending before the court. *Kemp v. Tyson Seafood Grp., Inc.*, 19 F. Supp. 2d 961, 964–65 (D. Minn. 1998). A district court's discretion to stay proceedings is broad, and "'[t]he proponent of a stay bears the burden of establishing its need.'" *Kreditverein der Bank Austria v. Nejezchleba*, 477 F.3d 942, 945 n.3 (8th Cir. 2007) (quoting *Clinton*, 520 U.S. at 708).

## ARGUMENT

The Court should stay these proceedings pending resolution of My Pillow's and Lindell's motions to dismiss/transfer currently pending in the D.C. Action for at least three independent reasons.

*First*, a stay will conserve judicial resources and avoid the inevitable inefficiencies that will result in allowing these overlapping matters to proceed in parallel. *See, e.g., Edens v. Volkswagen Grp. of Am., Inc.*, No. 16-cv-0750 (WMW/LIB), 2016 WL 3004629, at *2 (D. Minn. May 24, 2016) (granting stay to promote judicial economy pending judicial panel's determination whether to transfer case to MDL proceeding in California). Indeed, the D.C. court is considering a range of issues that directly impact the present lawsuit. As just a few examples, in order to resolve the motions to dismiss in the D.C. Action, the D.C. court will need to address the legal sufficiency of Dominion's defamation claim against My Pillow and Lindell (which, again, is the purported basis for My Pillow's suit here); it will also need to resolve questions about personal jurisdiction and venue. All of these issues will bear on questions this Court will need to resolve in connection with Dominion's anticipated response to the present complaint. In order to avoid wasting judicial resources, as well as potentially conflicting decisions, this Court should have the benefit of the D.C. court's orders when it considers Dominion's arguments related to these same points.

*Second*, granting the motion to stay will assist the Court in controlling its docket. Just yesterday, Lindell filed a new lawsuit in the District of Minnesota challenging the constitutionality of Dominion's D.C. Action. (*See* Case No. 21-cv-1332.) Lindell

5

acknowledges on his Civil Cover Sheet, Dkt. 1-1, that the Second Minnesota Action is related to this case. Yet Lindell has not served Dominion yet, nor has he asked for a waiver of service. Granting Dominion's motion for a stay will permit the Court to consider whether to consolidate these related cases and set a briefing schedule that jointly and efficiently manages the Court's resources and docket and allows for a streamlined and efficient schedule for responding to substantially similar allegations.

*Third*, a stay will advance the just determination of this case. The motions to dismiss and transfer in the D.C. Action are currently being briefed with reply briefs due later this month. Until the D.C. court resolves the venue and jurisdictional issues, and decides whether Dominion's complaint states a claim, this Court would be required to opine on the constitutionality of the D.C. Action without knowing how the D.C. court views it. A just determination of *this* case requires consideration of both the D.C. Action and the just-filed complaint by Lindell. Without a stay, the Court would need to consider these complaints in serial fashion. That would neither promote nor secure the just, speedy, and inexpensive determination of these actions contemplated by Federal Rule of Civil Procedure 1. Instead, it would ensure exactly the kind of duplicative efforts and wasted resources of the parties that the Court's discretion to stay is meant to avoid. *See, e.g., Edens*, 2016 WL 3004629, at *2 (concluding benefits of stay pending other judicial body's decision on same dispute would create efficiencies benefitting all parties). Neither My Pillow nor Lindell would suffer prejudice if this Court exercises its discretion and allows the D.C. court to rule on the pending motions to dismiss before requiring Dominion to file responsive pleadings

here. The Court should therefore grant Dominion's motion and, in so doing, promote the swift, efficient and just resolution of this case.

Even if the Court is not inclined to stay these proceedings, Dominion requests that, at the very least, its deadline to respond to My Pillow's complaint be extended until thirty days until after the Court rules on this motion. Extending that deadline would avoid wasting party resources on briefing that is almost certain to be superseded when the D.C. court resolves the motions pending there.

## CONCLUSION

WHEREFORE, Dominion requests that the Court enter a stay of this case and of Dominion's deadline to answer or respond to My Pillow's complaint until a ruling is issued in the D.C. Action on My Pillow and Mr. Lindell's motion to dismiss or transfer, with the parties being required to provide the Court with a status report every 120 days. Dominion also requests that the Court set the deadline for Dominion's response to My Pillow's complaint to 30 days after the stay is lifted. In the alternative, Dominion asks the Court to at least extend the deadline to answer or otherwise respond to My Pillow's complaint to 30 days after the Court issues its order on the present motion.

Dated: June 4, 2021

**FAEGRE DRINKER BIDDLE & REATH LLP**

*s/ John W. Ursu*

John W. Ursu (#032257)
Deborah A. Ellingboe (#026216)
Jeffrey P. Justman (#0390413)
Erica Abshez Moran (#0400606)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-7000
Fax: (612) 766-1600
john.ursu@faegredrinker.com
debbie.ellingboe@faegredrinker.com
jeff.justman@faegredrinker.com
erica.moran@faegredrinker.com

***Attorneys for Defendants US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation***

Of Counsel:

Justin A. Nelson (pro hac application filed)
Laranda M. Walker (pro hac application filed)
Jonathan J. Ross (pro hac application filed)
**SUSMAN GODFREY LLP**
1000 Louisiana Street, #5100
Houston, Texas 77002
(713) 651-9366
jnelson@susmangodfrey.com
lwalker@susmangodfrey.com
jross@susmangodfrey.com


Stephen Shackelford, Jr. (pro hac application filed)
Elisha Barron (pro hac application filed)
**SUSMAN GODFREY LLP**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
(212) 336-8330
sshackelford@susmangodfrey.com
ebarron@susmangodfrey.com

8


Davida Brook (pro hac application filed)
Brittany Fowler (pro hac application filed)
Emily K. Cronin (pro hac application filed)
**SUSMAN GODFREY LLP**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100
dbrook@susmangodfrey.com
bfowler@susmangodfrey.com
ecronin@susmangodfrey.com


Stephen E. Morrisey (pro hac application filed)
**SUSMAN GODFREY LLP**
1201 Third Ave, Suite 3800
Seattle, WA 98101
(206) 516-3880
smorrissey@susmangodfrey.com

Davida Brook (pro hac application filed)
Brittany Fowler (pro hac application filed)
Emily K. Cronin (pro hac application filed)
**SUSMAN GODFREY LLP**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100
dbrook@susmangodfrey.com
bfowler@susmangodfrey.com
ecronin@susmangodfrey.com


Stephen E. Morrisey (pro hac application filed)
**SUSMAN GODFREY LLP**
1201 Third Ave, Suite 3800
Seattle, WA 98101
(206) 516-3880
smorrissey@susmangodfrey.com